**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

NORMAN HOEWISCHER,

      Plaintiff,

vs.                                                        CASE NO. 3:11-cv-862-J-32TEM

MGML, LLC,

      Defendant.

_____

## REPORT AND RECOMMENDATION[1]

    This case has been referred to the undersigned for issuance of a Report and Recommendation on Plaintiff's Motion for Entry of Judgment After Default against Defendant MGML, LLC, filed November 19, 2012 (Doc. #38). Defendant has not responded to the motion for default judgment. For the reasons stated herein, it is respectfully **RECOMMENDED** that Plaintiff's motion be **GRANTED**.

## I. PROCEDURAL BACKGROUND

    Plaintiff, a disabled individual who utilizes a wheelchair for mobility, brought this action for injunctive relief pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq., on August 29, 2011 (Doc. #1). On September 28, 2011, Defendant MGML, LLC moved for an extension of time to respond to Plaintiff's Complaint  (Doc. #8). In the motion, Defendant averred, "The designated agent for purposes of Service of Process did not receive the Complaint until mid September and has not had sufficient time

---

[1]Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation.  Failure to file a timely objection waives a party's right to a *de novo* review.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Local Rule 6.02(a), United States District Court for the Middle District of Florida.

to locate counsel to investigate and respond appropriately to the Complaint." (Doc. # 8 at 1). The motion was filed on behalf of Defendant by G. Thomas Harper, Esq. of the law firm Harper Gerlach, LLC. The Court granted the motion on September 30, 2011, and ordered Defendant to respond by October 4, 2011 (Doc. #9).

On October 5, 2011, Mr. Joe Joseph[2] filed an answer to Plaintiff's complaint on behalf of Defendant that stated, "This matter has just been brought to our attention. At this time, we are unable to afford legal counsel. We will hire a professional and investigate any possible ADA compliance issues." (Doc. # 10 at 1). The Court ordered the answer stricken because, under Local Rule 2.03(e), a corporation may appear and be heard only through counsel admitted to practice in the Court, and it appeared Defendant was represented by counsel.

On October 17, 2011, attorney G. Thomas Harper and the law firm of Harper Gerlach, PL moved to withdraw from representation of Defendant (Doc. #12). The same day, Mr. Joseph filed a motion for extension of time to obtain counsel (Doc. #13) on behalf of MGML.[3] On October 18, 2011, the Court granted attorney Harper's motion to withdraw and ordered Defendant to employ new counsel who should file a notice of appearance no later than November 8, 2011 (Doc. #14).[4] To date, no attorney has entered a notice of

---

[2] The Court notes that Joe Joseph is Defendant's registered agent and managing member. *See* Florida Department of State Division of Corporations *available at* http://www.sunbiz.org (Document Searches) (last viewed April 12, 2013). The Court refers to this public website for informational purposes only. The Court accepts no responsibility for and does not endorse any content found at this website.

[3] Document #13 was titled "Answer to Complaint" and was filed by Joe Joseph on behalf of Defendant. Mr. Joseph requested "an extension of time in order to search for an attorney." The Court construed this document as a motion for extension of time to obtain counsel.

[4] The Court also ordered Mr. G. Thomas Harper to serve a copy of the Order on Defendant and file a certificate verifying such service. No such certificate was filed by Mr. Harper. However, the Clerk mailed a copy of the order to Mr. Joseph at the address he provided in his answer.

appearance on behalf of the Defendant corporation.  The Court also ordered Defendant file a responsive pleading to the complaint no later than November 29, 2011.

On November 21, 2011, Plaintiff moved for entry of a clerk's default against Defendant (Doc. #15).  On November 30, 2011, the Court ordered Defendant to show cause within thirty days as to why default should not be entered (Doc. #16).  Defendant failed to respond to the Court's Order.  The Court granted Plaintiff's motion for entry of default (Doc. #17) and the Clerk of Court entered a default against Defendant on January 18, 2012 (Doc. #18).

On February 15, 2012, Plaintiff filed a motion for entry of final judgment after default against MGML, LLC (Doc. #21).  On February 27, 2012, the Court denied Plaintiff's motion without prejudice to filing an amended complaint (Doc. #22).  The Court ordered Plaintiff to file an amended complaint by March 19, 2012, and to serve it on Defendant by April 19, 2012.  Plaintiff filed an Amended Complaint on March 19, 2012 (Doc. #23). However, Plaintiff failed to serve the Amended Complaint on Defendant within the Court-ordered deadline.  In response to an Order to Show Cause (Doc. #24), Plaintiff averred the failure to serve Defendant was excusable neglect and submitted a Return of Service, which indicated service of the Amended Complaint was effectuated on July 30, 2012 (Docs. #25, #26).  Thereafter, the Court set the matter for a status conference and ordered Defendant's representative or counsel to appear in person on September 19, 2012 (Doc. #27). Defendant failed to appear at the hearing, and has not otherwise responded to the Amended Complaint or made an appearance in this action.

Plaintiff moved for entry of clerk's default on August 31, 2012 (Doc. #28).  The Court granted entry of clerk's default on September 21, 2012 (Docs. #30, #31).  Plaintiff filed

three motions for enlargement of time to file a motion for default judgment, all of which were granted by the Court.  Plaintiff now moves for entry of default judgment (Doc. #38).

## II. <u>STANDARD</u>

Rule 55 of the Federal Rules of Civil Procedure authorizes a district court to enter final judgment against a defaulting party.  *See* Fed. R. Civ. P. 55(b)(2).  A default judgment may be entered "against a defendant who never appears or answers a complaint, for in such circumstances, the case has never been placed at issue."  *Sollaroll Shade & Shutter Corp. V. Bio-Energy Sys.,* 803 F.2d 1130, 1134 (11th Cir. 1986).  A default judgment has the effect of establishing the plaintiff's well-pleaded allegations as fact and bars the defendant from challenging those facts on appeal.  *Buchanan v. Bowman,* 820 F.2d 359, 361 (11th Cir. 1987) (citing *Nishmimatsu Constr. Co. Houston Nat'l Bank*, 515 F.2d 1200, 1206  (5th Cir. 1975)).[5]  However, a defendant's default alone does not warrant the court to enter default judgment; a court must decide if the accepted facts state a cause of action for which relief can be granted, and must confirm that it has jurisdiction to order relief. *Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1371 n. 41 (11th Cir. 1987); *see also Nishimatsu,* 515 F.2d at 1206; *GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs.,* 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) (stating that "[a] default judgment cannot stand on a complaint that fails to state a claim") (citations omitted).

---

[5]  The Eleventh Circuit in an en banc decision *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

## III. DISCUSSION

**A. Relief Under Title III of the ADA**

Plaintiff's Amended Complaint alleges Defendant violated Title III of the ADA by allowing physical barriers to access and dangerous conditions to exist at Defendant's facility, and that these ADA violations precluded and/or limited Plaintiff's access to the facility due to Plaintiff's disability.  Amended Complaint at ¶ 14.  Title III of the ADA prohibits discrimination on the basis of disability by private entities in places of public accommodation. 42 U.S.C. § 12182(a).  Title III states in pertinent part that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."  42 U.S.C. § 12182(a).

To prevail under Title III of the ADA, a plaintiff generally has the burden of proving: (1) he is an individual with a disability; (2) defendant is a place of public accommodation; and (3) defendant denied the plaintiff full and equal enjoyment of the goods, services, facilities or privileges offered by defendant, (4) on the basis of his disability.  *See Schiavo ex rel. Schindler v. Schiavo,* 403 F.3d 1289, 1299 (11th Cir. 2005) (citing *Larsen v. Carnival Corp., Inc.,* 242 F. Supp. 2d 1333, 1342 (S.D. Fla. 2003).  Further, if a plaintiff contends that architectural barriers at the defendant's facility limit the plaintiff's access, then the plaintiff must also allege that the removal of the architectural barriers is "readily achievable."  *See Access Now, Inc. v. S. Florida Stadium Corp.,* 161 F. Supp. 2d 1357, 1362 (S.D. Fla. 2001) (citing *Colo. Cross Disability Coal. v. Hermanson Family L.P.,* 264 F.3d 999, 1102-03

(10th Cir. 2001)); *see also Access for the Disabled, Inc. v. Osceola Enters. Of Kissimmee, Inc.,* No. 6:09-cv-1805-Orl-31GJK 2010 WL 2889823 at *1 (M.D. Fla. July 22, 2010) (noting that a plaintiff that claims architectural barriers violate the ADA and seeks injunctive relief "must, at minimum, specifically identify each architectural barrier that [he or she] contend[s] violates the ADA . . . and offer some evidence as to why the removal of the same is readily achievable and beneficial to [the plaintiff]").  The ADA defines "readily achievable" as "easily accomplishable and able to be carried out without much difficulty or expense."  42 U.S.C. § 12181(9); *see also Gathright-Dietrich v. Atlanta Landmarks, Inc.,* 452 F.3d 1269 (11th Cir. 2006) (finding that removing architectural barriers in a theater to provide additional seating for patrons in wheelchairs was not "readily achievable" when it would threaten or destroy the historical significance of the building).

Here, Plaintiff contends that he is disabled as defined by the ADA and substantially limited in performing one or more major life activities, including but not limited to walking, standing, grabbing, grasping and pinching.  Amended Complaint at ¶ 2.  Plaintiff uses a wheelchair for mobility.  *Id.*  Plaintiff alleges that Defendant's facility is a place of public accommodation and service establishment.  *Id.* at ¶ 11.  Specifically, Plaintiff alleges that Defendant's facility is a "retail strip center and includes tenant spaces . . ." located at 6043 St. Augustine Road, Jacksonville, Florida.[6]  *Id.* at ¶ 6, ¶ 11.  Plaintiff claims that he has

---

[6] Plaintiff identifies Andy's Sandwich Shoppe, Mr. Auto Insurance, a barber shop, pharmacy, and La Tienda as tenants at Defendant's facility in the Amended Complaint (Doc # 23 at 4).  Plaintiff's Motion for Entry of Judgment After Default also identifies a jewelry store and mattress store as tenants (Doc. # 38 at 3).  The ADA statute itself, its legislative history, the Department of Justice's formal interpretation of the regulation in its Technical Assistance Manual, and case law clearly hold that both the landlord and tenant are liable for noncompliance with ADA provisions.  Allocation of responsibility between the landlord and a tenant by lease is effective only as between the parties.  Thus, contractual allocation of responsibility has no effect on the rights of third parties.  *See Botosan v. Paul McNally Realty*, 216 F.3d 827, 833 (9th Cir. 2000); *Clark v. Simms*,
(continued...)

"attempted to and has, to the extent possible, accessed the facility, but could not do so because of his disability due to the physical barriers to access, dangerous conditions and ADA violations that exist at [Defendant facility] that preclude and/or limit his access . . . to the goods, services, facilities, privileges, advantages and/or accommodations offered therein." *Id.* at ¶ 14. In his Amended Complaint, Plaintiff lists nine specific physical barriers to access and dangerous conditions he encountered while attempting to access Defendant's facility. *Id.* at ¶ 17. Plaintiff alleges Defendant will continue to discriminate against Plaintiff and other disabled individuals unless and until Defendant is compelled to comply with the ADA. *Id.* at ¶ 19. Further, Plaintiff alleges that removal of the physical barriers to access is readily achievable and can be accomplished and carried out without much difficulty or expense. *Id.* at ¶ 20. Plaintiff cites the purchase price of $1,100,000, the good location on a busy street, the general busyness, and the well maintained appearance of Defendant's facility as evidence that compliance with ADA is readily achievable for Defendant. *Id.* at ¶ 20. Plaintiff also alleges that a balance of hardships between Plaintiff and Defendant would require that Defendant's facility be brought into compliance with the ADA and barriers to access removed. *Id.* These facts, which have been established by virtue of Defendant's default, are enough to establish that Defendant has discriminated against Plaintiff in violation of Title III of the ADA.

---

[6](...continued)
No. 3:09C00002, 2009 WL 890685, at *2 (W.D. Va. April 2, 2009); *Grove v. De La Cruz*, 407 F.Supp.2d 1126, 1133 (C.D. Cal. 2005); *Access 4 All, Inc v. Atlantic Hotel Condominium Ass'n, Inc.*, No. 04-61740-CIV, 2005 WL 5643878, at *14 (S.D. Fla. Nov. 23, 2005).

**B. Standing- Injunctive Relief**

Plaintiff seeks injunctive relief pursuant to 42 U.S.C. § 12188(a).  A plaintiff seeking injunctive relief must demonstrate: (1) he has suffered an irreparable injury; (2) remedies at law, such as monetary damages, are inadequate to compensate for that injury; (3) considering the balance of hardship between the plaintiff and the defendant, a remedy in equity is warranted; and (4) the public interest would not be disserved by the requested injunction.  *See eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 390 (2006).

Article III of the United States Constitution grants federal courts judicial power to decide cases and controversies, while the ADA grants federal courts judicial power to order injunctive relief.  *See Allen v. Wright,* 468 U.S. 737, 750 (1984); *Access Now, Inc. v. S. Florida Stadium Corp.,* 161 F. Supp. 2d 1357, 1362 (citing 42 U.S.C. § 12182(a)).  A federal court must "assure itself at the outset of litigation that a litigant who seeks an injunction has Article III standing."  *Norkunas v. Seahorse NB, LLC,* 720 F. Supp. 2d 1313, 1316 (M.D. Fla. 2010) (citing *Friends of the Earth, Inc. V. Laidlaw Envtl. Servs., Inc.,* 528 U.S. 167, 179-80 (2000)).  To establish Article III standing, a plaintiff must demonstrate three constitutional requirements: (1) the plaintiff has suffered an "injury in fact"; (2) a causal connection exists between the plaintiff's injury and the defendant's conduct; and (3) the injury must be redressed by a favorable judgment.  *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992).  Further, a plaintiff who requests injunctive relief has standing only if he can demonstrate a "real and immediate threat of future injury by the defendant." *City of Los Angeles v. Lyons,* 461 U.S. 95, 101-02 (1983).  Past exposure to illegal conduct, without a continuing threat of future harm, is insufficient to establish standing for injunctive relief.  *Id.* at 101-02.

With respect to ADA cases, a plaintiff lacks standing to seek injunctive relief unless he alleges "facts giving rise to an inference that he will suffer future discrimination by the defendant." *Shotz v. Cates,* 256 F.3d 1077, 1081 (11th Cir. 2001). To assess the likelihood that a plaintiff will suffer future discrimination by the defendant, courts generally focus on four factors: (1) proximity of the place of public accommodation to the plaintiff's residence; (2) the plaintiff's past patronage of the defendant's business; (3) the definitiveness of the plaintiff's plan to return; and (4) the plaintiff's frequency of travel near the defendant. *Norkunas*, 720 F. Supp. at 1316 (citing *Fox v. Morris Jupiter Assocs.*, No. 05-80689-CIV, 2007 WL 2819522, at *9 (S.D. Fla. Sept. 21, 2007)).

Plaintiff's Amended Complaint provides sufficient factual allegations to show Plaintiff has Article III standing. Plaintiff alleges he suffered an injury in fact when he was precluded and/or limited from the goods and services offered at Defendant's facility because of his disability. Amended Complaint at ¶ 14, ¶ 17. Plaintiff alleges a causal connection between Plaintiff's injury and Defendant's conduct, as Defendant allowed barriers to access and dangerous conditions to exist at Defendant's facility. *Id.* at ¶ 2, ¶17. Plaintiff's injury will be redressed by a favorable court ruling because Plaintiff alleges he is unable to fully access Defendant's facility unless and until Defendant is required to comply with the ADA and remove the physical barriers and dangerous conditions that exist at the facility. *Id.* at ¶ 19.

Further, Plaintiff has adequately shown standing to request injunctive relief. Plaintiff will likely suffer future discrimination by Defendant, as Plaintiff alleges he "intends to visit the Facility again in the near future to utilize the goods, services, facilities, privileges, advantages and/or accommodations offered at this facility . . . ." Amended Complaint at

9

¶ 15.  Plaintiff alleges he attempted to gain access to Defendant's facility on more than one occasion, but was precluded by his disability.  *Id.* at ¶ 19.  Plaintiff alleges Defendant's facility is located approximately twenty (20) miles from Plaintiff's residence, and Plaintiff frequently visits the area in which the facility is located.  *Id.* at ¶ 6.  Plaintiff alleges he intends to return to Defendant's facility both for personal reasons, and also as a "tester," in which he will attempt to access the facility on behalf of himself and other disabled individuals to ensure compliance with the ADA and maintenance of the accessible features of the premises.  *Id.* at ¶ 4.  The facts laid forth in Plaintiff's Amended Complaint, taken as true, establish a likelihood that Plaintiff will suffer future discrimination if Defendant is not required to comply with the ADA.  The undersigned finds Plaintiff has made a showing that he is entitled to the injunctive relief he seeks.

## IV. CONCLUSION

Accordingly, after due consideration, the undersigned respectfully **RECOMMENDS**:

1. Plaintiff's Motion for Entry of Judgment After Default (Doc. #38) be **GRANTED**.

2. Plaintiff be granted an injunction requiring Defendant to:

a. provide the number of accessible parking spaces required by 4.1.2 and 4.6 of the ADAAG;

b. provide an accessible route throughout the site and facility per ADAAG 4.1 and 4.3.2;

c. provide accessible doors with accessible door hardware per ADAAG 4.13;

d. ensure that all counters where customer service and/or transactions occur are accessible per ADAAG 7.2;

e. ensure there is the required number of accessible tables per ADAAG 4.32;

f. ensure that all restrooms available for the public, patrons, customers and/or visitors are accessible per ADAAG 4.22 and, to the extent toilet stalls are provided, ADAAG Figure 30(a) or 30(a-1);

      h.      ensure that all restrooms have sufficient clear floor space, maneuvering clearance, and turning space per ADAAG 4.22;

      i.      ensure that at least one water closet in each restroom is accessible per ADAAG 4.16;

      j.      ensure that at least one lavatory in each restroom is accessible per ADAAG 4.19.

3. Defendant should be provided with four (4) months from the date the final judgment is entered in which to complete the remediations, alterations and modifications noted above.  This time period should be subject to acts of God, *force majeure*, or events beyond the control of the Defendant, such as the inability to obtain building or zoning permits, failure of the city/county inspectors to make inspections, contractor defaults, or work stoppages.  In the event any such unforeseen circumstance occurs, Defendant should file a motion seeking an extension of time to complete the remediations, alterations and modifications along with notice to Plaintiff.  Upon completion, Defendant should be required to file a verified certificate of completion with the Court acknowledging that all work has been completed.

4. As Plaintiff is the prevailing party and is therefore entitled to recover reasonable attorneys' fees and costs, the Court should retain jurisdiction for the determination and award of any such attorneys' fees and costs.

      **DONE AND ENTERED** at Jacksonville, Florida this 12th day of April, 2013.

THOMAS E. MORRIS
United States Magistrate Judge

Copies to:
Hon. Timothy J. Corrigan

Counsel of record

Mr. Joe Joseph
6818 Madrid Avenue
Jacksonville, FL 32217