**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

NORMAN HOEWISCHER,

        Plaintiff,

vs.                                              Case No. 3:11-cv-862-J-32PDB

MGML, LLC,

        Defendant.

## **ORDER**

This case is before the Court on Plaintiff Norman Hoewischer's Motion for Entry of Judgment After Default Against Defendant MGML, LLC (Doc. 38). Upon review of the filings, on April 12, 2013, the assigned United States Magistrate Judge issued a Report and Recommendation recommending that the motion be granted. (Doc. 42.) After several failed attempts by the parties to settle this case thereafter, the Magistrate Judge[1] issued a Report on May 15, 2014 that detailed the history of the case and suggested that the Court renew its consideration of the Report and Recommendation (Doc. 64). The Court agrees and does so now.

As well-chronicled in the May 15, 2014 Report, many efforts to resolve this case short of default judgment have been made since issuance of the Report and

---

[1] Magistrate Judge Thomas E. Morris was originally assigned to this case and issued the April 12, 2013 Report and Recommendation. On December 3, 2013, the case was reassigned to Magistrate Judge Patricia D. Barksdale, who issued the May 15, 2014 Report.

Recommendation, including relaxing on occasion the requirement that a corporation appear in court only through counsel so as to facilitate discussion.  However, MGML's apparent radio silence since the February 25, 2014 status conference and its failure to attend the March 27, 2014 status conference before the Magistrate Judge (either through an attorney or its owner Joe Joseph), despite repeated warnings of the consequences of failing to attend, have effectively put an end to these efforts.

MGML has not filed an objection to the Report and Recommendation, and the time in which to do so has long since passed.  To the extent that Mr. Joseph's representations at the February 25, 2014 status conference that he has remediated some of the barriers to entry on the property might be considered an objection (see Doc. 64 at 4), neither he nor anyone else on MGML's behalf has provided sufficient information as to the nature of the remediation so that the Court might find any of Hoewischer's claims moot or might modify the injunction proposed in the Report and Recommendation.  Moreover, in the fourteen months since the Report and Recommendation issued, MGML has still not filed any responsive pleading.

Upon independent review of the file and for the reasons stated in the Report and Recommendation (Doc. 42), it is hereby

**ORDERED**:

1.The Report and Recommendation (Doc. 42) of the Magistrate Judge is **ADOPTED** as the opinion of the Court, as modified above.

2.Plaintiff's Motion for Entry of Judgment After Default Against Defendant

MGML, LLC (Doc. 38) is **GRANTED**.

3.   The Clerk is directed to enter Final Judgement after default for Plaintiff Norman Hoewischer and against Defendant MGML, LLC in the following form:

Defendant MGML, LLC is enjoined from discriminating against individuals with disabilities, including Plaintiff Norman Hoewischer, to the extent that it must remediate the subject property, located at 6043 St. Augustine Road, Jacksonville, Florida, by removing the following barriers to access:

    a.   provide the number of accessible parking spaces required by 4.1.2 and 4.6 of the ADAAG;
    b.   provide an accessible route throughout the site and facility per ADAAG 4.1 and 4.3.2;
    c.   provide accessible doors with accessible door hardware per ADAAG 4.13;
    d.   ensure that all counters where customer service and/or transactions occur are accessible per ADAAG 7.2;
    e.   ensure there is the required number of accessible tables per ADAAG 4.32;
    f.   ensure that all restrooms available for the public, patrons, customers and/or visitors are accessible per ADAAG 4.22 and, to the extent toilet stalls are provided, ADAAG Figure 30(a) or 30(a-1);
    g.   ensure that all restrooms have sufficient clear floor space, maneuvering clearance, and turning space per ADAAG 4.22;
    h.   ensure that at least one water closet in each restroom is accessible per ADAAG 4.16; and
    i.   ensure that at least one lavatory in each restroom is accessible per ADAAG 4.19.

4.   MGML has four (4) months from the date of entry of final judgment in which to complete the remediations, alterations, and modifications noted above. This time period is subject to acts of God, <u>force majeure</u>, or events beyond the control of the

3

MGML, such as the inability to obtain building or zoning permits, failure of the city/county inspectors to make inspections, contractor defaults, or work stoppages. In the event any such unforeseen circumstance occurs, MGML should file a motion seeking an extension of time to complete the remediations, alterations and modifications and service Hoewischer with notice. Upon completion, MGML shall file a verified certificate of completion with the Court certifying that all work has been completed.

5. Hoewischer is the prevailing party and therefore may be entitled to recover reasonable attorneys' fees and costs. The Court will retain jurisdiction for the determination and award of any such attorneys' fees and costs.

6. The Clerk should administratively close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 18th day of June, 2014.

TIMOTHY J. CORRIGAN
United States District Judge

bjb.
Copies:

Honorable Patricia D. Barksdale
United States Magistrate Judge


Counsel of Record

Joe Joseph
6818 Madrid Avenue
Jacksonville, FL 32217