**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

NORMAN HOEWISCHER,

     Plaintiff,

v.                                  Case No. 3:11-cv-862-J-32PDB

MGML, LLC,

     Defendant.

_____

## O R D E R

This case is before the Court on Plaintiff Norman Hoewischer's Verified Application for Attorneys' Fees, Litigation Expenses and Costs (Doc. 71). On June 18, 2014, the Court granted Hoewischer's motion for default judgment against Defendant MGML, LLC and directed the Clerk to enter judgment enjoining MGML to remediate the subject property by removing certain barriers to access that violated the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12181-12188. (Doc. 65.) The Court also directed MGML to certify the completion of the remediation within four months of the entry of judgment. (Id.) The Court found Hoewischer to be the prevailing party and retained jurisdiction to determine entitlement to attorney's fees. (Id. at 4.) The Clerk entered judgment on June 19, 2014. (Doc. 66.)

On August 1, 2014, Hoewischer filed his application for fees, expenses, and costs (Doc. 71), which the Court took under advisement pending completion of remediation. MGML filed no response to the application. On February 2, 2015, the Court inquired of MGML as to the status of remediation (Doc. 72), but has received no response to

date. Hoewischer's application is therefore under active review.[1]

The ADA provides courts with the discretion to award the prevailing party "a reasonable attorney's fee, including litigation expenses, and costs . . . ." 42 U.S.C. § 12205. In determining whether the fees requested are reasonable, courts consider "the number of hours reasonably expended on the litigation" and the reasonable hourly rate, the product of which is the "lodestar" reasonable sum the party may recover. Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008).

Reasonable hours expended are those that are not "'excessive, redundant or otherwise unnecessary' hours" and that reflect the attorney's exercise of "'billing judgment.'" Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1301 (11th Cir. 1988) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434, 437 (1983)). The court may conduct an hour-by-hour analysis of the fees requested to evaluate the reasonableness of the hours expended or, if appropriate, apply an across-the-board reduction. Bivens, 548 F.3d at 1351. An across-the-board reduction is generally appropriate in a case with voluminous billing records. Kenny A. v. Perdue, 532 F.3d 1209, 1220 (11th Cir. 2008); Loranger v. Stierheim, 10 F.3d 776, 783 (11th Cir. 1994).

In determining the reasonable hourly rate, the court considers "the prevailing market rate in the relevant legal community for similar services by lawyers of

---

[1] On March 2, 2015, the Court allowed Hoewischer to supplement his request with any fees, expenses, or costs incurred since his initial application. (Doc. 73.) On March 11, 2015, Hoewischer filed a notice advising that he does not seek reimbursement for any additional fees, expenses, or costs. (Doc. 74.)

reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299.

"The relevant legal community" is generally the place where the case is filed. Am. Civil

Liberties Union of Ga. v. Barnes, 168 F.3d 423, 437 (11th Cir. 1999). In determining

if the requested rate is reasonable, the court may consider the applicable Johnson

factors[2] and may rely on its own knowledge and experience. Norman, 836 F.2d at

1299-1300, 1303 ("The court, either trial or appellate, is itself an expert on the question

and may consider its own knowledge and experience concerning reasonable and proper

fees and may form an independent judgment either with or without the aid of

witnesses as to value." (quotations omitted)); see Johnson, 488 F.2d at 717-19. "The

applicant bears the burden of producing satisfactory evidence that the requested rate

is in line with prevailing market rates," which must be more than just "the affidavit

of the attorney performing the work." Norman, 836 F.2d at 1299 (citations omitted).

Instead, satisfactory evidence may be opinion evidence or the charges of lawyers in

similar circumstances. Id.

After calculating the appropriate rate and number of hours worked, "the court

has the opportunity to adjust the lodestar to account for other considerations that have

---

[2] The Johnson factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and the ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Johnson v. Ga. Hwy. Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974).

not yet figured into the computation, the most important being the relation of the results obtained to the work done." <u>Dillard v. City of Greensboro</u>, 213 F.3d 1347, 1353 (11th Cir. 2000); <u>see</u> <u>Hensley</u>, 461 U.S. at 436 (holding that a fee application based on claims that were "interrelated, nonfrivolous, and raised in good faith" may still be excessive where the applicant achieved only partial or limited success).

In support of his application, Hoewischer has submitted the declaration of his attorney Todd W. Shulby, counsel's billing records, the declaration of his expert Thomas J. Ricci, Ricci's billing records, and Ricci's <u>curriculum vitae</u>. (Docs. 71-1, 71-2, 71-3, 71-4, 71-5.)

Counsel's billing records reflect 34.9 hours worked on this matter. (Doc. 71-1 at 8.) Counsel states in his declaration that he currently charges $300 per hour (Doc. 71-3, ¶ 6), for a total attorney fee accrued of $10,740.00 (Doc. 71-1 at 8). Counsel states that he exercised billing judgment in removing duplicative and excessive time in reaching this total, which is reflected in the records. (Doc. 71 at 6.) Counsel's records also reflect court filing fees of $350, process server fees of $80, photocopy charges of $106.25, and mileage costs for traveling to the inspection of the subject property of $185.89, for a total of $722.14 in costs. (<u>Id.</u>)

Ricci's records reflect 26 hours of work spent traveling to the subject property, inspecting the property, photographing it, preparing a report, and speaking with counsel. (Doc. 71-2.) Ricci states in his declaration that his fee for service varies with the project, but has been as high as $250 per hour. (Doc. 71-4, ¶ 4.) He applied only a rate of $185 per hour in this case (<u>id.</u>), for a total of $4,810 in fees, plus $13.20 in

photograph expenses (Doc. 71-2).

The Court finds that the $16,285.34 total of fees, expenses, and costs requested is reasonable and recoverable.[3] The billing records in this case are not voluminous. After a review of the declarations and an hour-by-hour analysis of the records, the Court concludes that the amount of attorney's fees requested reflects an appropriate use of billing judgment to exclude redundant and excessive hours. Hoewischer has also provided sufficient information establishing his counsel's skills, experience, and reputation to support the rate charged, which is consistent with the prevailing market rate in the Jacksonville, Florida legal community based on the Court's own knowledge and experience. Moreover, the amount of attorney's fees requested is appropriate for a case resolved on motion for default judgment after a protracted attempt by the Court to facilitate resolution between the parties, taking into account an unresponsive defendant. Accordingly, the Court will award Plaintiff $10,470 in attorney's fees. Based on a review of the records, the Court will also award the $722.14 in litigation expenses requested by Hoewischer as appropriately incurred here. Finally, the Court also finds the expert fees and costs incurred reasonable under the circumstances and will award Hoewischer the full amount of $4,823.20.

Accordingly, it is hereby

**ORDERED**:

---

[3] This finding is limited to this case and should not be used as precedent for future cases.

1.      Plaintiff's Verified Application for Attorneys' Fees, Litigation Expenses and Costs (Doc. 71) is **GRANTED**.

2.      The Clerk is directed to enter amended final judgment reflecting an award in favor of Plaintiff Norman Hoewischer in the amount of $16,285.34 for attorney's fees, expenses, and costs, plus post-judgment interest accruing at the legal rate established by 28 U.S.C. § 1961.

**DONE AND ORDERED** at Jacksonville, Florida this 13th day of March, 2015.

TIMOTHY J. CORRIGAN
United States District Judge

bjb
Copies:

Counsel of record

Joe Joseph
6818 Madrid Avenue
Jacksonville, FL 32217